802 F.2d 1284
 6 Fed.R.Serv.3d 105
 AUTORAMA CORPORATION, an Oklahoma Corporation and Ronald I.
Swanson, an individual, Plaintiffs-Appellees,
v.
Joette D. STEWART, as Personal Representative of the Estate
of Laurel A. Stewart, Deceased; Harold P. Theilig, an
individual, and Estee Oil & Gas Company, Inc., an Oklahoma
Corporation, Defendants-Appellants.
 No. 84-2637.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 7, 1986.
 
 1
 James A. Hogue, Sr., of Hogue and Ross, Inc., Tulsa, Okl., for plaintiffs-appellees.
 
 
 2
 Robert F. Waters, Dickey & Dickey, Oklahoma City, Okl., for defendants-appellants.
 
 
 3
 Before BARRETT and MOORE, Circuit Judges, and CHILSON, District Judge.*
 
 
 4
 CHILSON, District Judge.
 
 
 5
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. FED.R.APP.P. 34(a), Tenth Circuit Rule 10(e). The cause is therefore ordered submitted without oral argument.
 
 
 6
 On June 7, 1983, appellees, Autorama Corporation and Ronald I. Swanson, as plaintiffs, filed a complaint in the United States District Court for the Northern District of Oklahoma, premised upon federal question jurisdiction. The plaintiffs alleged that in certain transactions with the defendants (appellants), the latter violated the Federal Securities Acts of 1933 and 1934. 15 U.S.C. Secs. 77a, et seq., 78a, et seq. Plaintiffs prayed for compensatory and exemplary damages.
 
 
 7
 The defendants filed a Motion to Dismiss for lack of federal court jurisdiction, contending (1) the transaction complained of did not involve a "security" as defined in 15 U.S.C. Sec. 77b(1); (2) consequently, the transaction was not subject to federal statutes; and (3) therefore, no federal question jurisdiction existed. It is admitted that all parties are residents of Oklahoma and diversity jurisdiction did not exist.
 
 
 8
 The plaintiffs did not respond to the defendants' Motion to Dismiss for lack of jurisdiction. Local Rule 14(a) of the Federal District Court for the Northern District of Oklahoma provides that memoranda in opposition to defendants' Motion to Dismiss must be filed within ten days after the filing of the original motion. The Rule further provides that noncompliance therewith constitutes a waiver of objections to the motion and a confession of the matters raised by such pleadings. Accordingly, the trial court, on May 10, 1984, dismissed the action "in all respects" for "lack of jurisdiction." Plaintiffs did not appeal the trial court's dismissal.
 
 
 9
 Subsequent to the trial court's May 10 Order dismissing the complaint, the defendants filed several motions to enlarge the time to file motions for attorneys' fees and costs. On June 29, 1984, defendants filed a motion for attorneys' fees and costs. Thereafter, on July 16, 1984, the trial court specifically denied the motion and held "[i]n the Court's sound discretion and after a review of the entire record herein, the Court finds that justice requires each side should bear its own expenses." On July 26, 1984, the appellants filed a timely Motion to Reconsider the above denial. The trial court denied the Motion to Reconsider in its Order of November 8, 1984. On November 23, 1984, the appellants filed their Notice of Appeal to this Court from the trial court's denial of appellants' motion for attorneys' fees and costs.
 
 QUESTIONS PRESENTED FOR APPEAL
 
 10
 I. WAS APPELLANTS' APPEAL TIMELY FILED?
 
 
 11
 Federal Rule of Appellate Procedure 4(a) provides that the appellant must file a Notice of Appeal "within thirty (30) days of the date of the entry of the judgment or order appealed from...." (emphasis added). It is the appellees' contention, that because appellants did not file their appeal within 30 days of the May 10 Order, the appeal was not timely and this Court is without jurisdiction. We disagree.
 
 
 12
 Appellees arrive at their erroneous conclusion in total disregard of the above judicial proceedings which transpired after the entry of the Order of May 10. The appellants' Notice of Appeal clearly states that appellants were appealing "from the Order Denying said defendants' Motion to Reconsider entered in this action on the 8th day of November, 1984", as opposed to the May 10 Order dismissing the appellee's complaint.
 
 
 13
 This case is governed by the principles espoused in White v. New Hampshire Dept. of Employment Sec., 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). The Supreme Court held that the question of attorneys' fees was separable from the merits of the case. Because of this "separability", the plaintiff in White was permitted to file a Motion for Attorneys' Fees four and one-half months after the entry of final judgment. White, 455 U.S. at 453, 102 S.Ct. at 1167. The Court held a request for attorneys' fees is not a "motion to alter or amend the judgment" which is subject to the 10-day filing limitation delineated by Federal Rules of Civil Procedure 59(e). White, 455 U.S. at 452-53, 102 S.Ct. at 1166-67. Therefore, because courts view attorneys' fees as collateral to the merits of the original case, a Motion for Attorneys' Fees is not in any way linked to the time for an appeal of the underlying case. As a result, an appeal from the attorneys' fee determination will not be barred solely because the 30-day time limit as delineated in FED.R.APP.P. 4(a) has expired. Cooper v. Singer, 689 F.2d 929, 930 (10th Cir.1982).
 
 
 14
 Nevertheless, controlling local rules, if any, must be complied with. Local Rule 6(e) of the Northern District of Oklahoma, provides the party recovering costs shall have 10 days after the entry of judgment to file with the Clerk a verified bill of costs. Within this time period, appellants filed a motion to enlarge the time for filing a request for attorneys' fees. Such motion was granted after which appellants filed and were granted two additional extensions of time to file their motion for attorneys' fees and costs. Appellants filed a timely verified bill of costs and attorneys' fees on June 29.
 
 
 15
 On July 16, 1984, the trial court denied the defendants' June 29 Motion for Attorneys' Fees. Within ten days thereof, or on July 26, 1984, the defendants filed a Motion to Reconsider the Order of July 16, 1984. This Motion to Reconsider is treated as a FED.R.CIV.P. 59(e) motion and acts to toll the running of the 30 days from the entry of the July 16, Order. "Any motion that draws into question the correctness of the judgment is functionally a motion under Civil Rule 59(e), whatever its label. Thus, a motion to 'reconsider' ... is a motion under Rule 59(e) and under Rule 4(a)(4) will postpone the time for appeal if the motion was timely made." 9 Moore's Federal Practice, p 204.12(1), at 4-67 (2d ed.); see Cooper, 689 F.2d at 930; Jones v. Nelson, 484 F.2d 1165, 1167-68 (10th Cir.1973).
 
 
 16
 Appellants' Motion to Reconsider was timely made since filed within ten days of the July 16 Order as required by FED.R.CIV.P. 59(e). "A timely Rule 59(e) motion tolls the time for appeal until the district court rules on the motion...." Vreeken v. Davis, 718 F.2d 343, 346 (10th Cir.1983). Consequently, the 30-day time limit prescribed by FED.R.APP.P. 4 did not begin to run until the district court rendered its decision denying the Motion to Reconsider on November 8, 1984. Therefore, appellants had thirty days forward from November 8, 1984, to file their Notice of Appeal. The appellants filed their Notice of Appeal on November 23, well within the time limitations of FED.R.APP.P. 4. We hold the appeal was timely filed.
 
 
 17
 II. ARE APPELLANTS ENTITLED TO ATTORNEYS' FEES AND COSTS?
 
 
 18
 Under the "American Rule", the prevailing litigant is not entitled to collect reasonable attorneys' fees from the loser. Ruckelshaus v. Sierra Club, 463 U.S. 680, 685, 103 S.Ct. 3274, 3277, 77 L.Ed.2d 938 (1973). It is the appellants' contention that (1) the underlying action was decided on the merits and (2) the plaintiffs brought the case frivolously and in bad faith; consequently, they should be entitled to an award of their attorneys' fees under the bad faith exception to the American Rule. However, the Tenth Circuit has adopted a two pronged test which must have both legs satisfied before attorneys' fees can be properly awarded. "To be sure, to collect attorneys' fees against a plaintiff, the defendant must not only prevail on the merits, but show plaintiff pursued the litigation in bad faith or brought a frivolous, unreasonable, or groundless action." Glass v. Pfeffer, 657 F.2d 252, 255 (10th Cir.1981); Can-Am Petroleum v. Beck, 331 F.2d 371, 374 (10th Cir.1964).
 
 
 19
 An involuntary dismissal is with prejudice and on the merits, unless the court order "specifies otherwise" or if there is "a dismissal for lack of jurisdiction...." FED.R.CIV.P. 41(b); 9 C. Wright & A. Miller Federal Practice and Procedure, Sec. 2373 at 234-35 (1971). The trial court Orders, docketed on May 10 and July 16, clearly specified "otherwise." The Order of July 16 stipulated that its earlier May 10 Order was not to infer that a decision on the merits had been reached. Moreover, the July 16 Order stated that the dismissal was pursuant to local Rule 14(a) which is designed only to regulate the Court's docket and "not to adjudicate the merits of the controversy." After exhaustive research, this Court has neither been supplied with, nor discovered, authority indicating the scope of local Rule 14(a) is otherwise. Hence, a decision on the merits clearly has not been rendered.
 
 
 20
 Furthermore, in accordance with FED.R.CIV.P. 41(b)., the Tenth Circuit has held that "[i]t is fundamental, of course, that a dismissal for lack of jurisdiction is not an adjudication on the merits...." Martinez v. Richardson, 472 F.2d 1121, 1126 (10th Cir.1973); see Costello v. United States, 365 U.S. 265, 284-88, 81 S.Ct. 534, 544-46, 5 L.Ed.2d 551 (1961). In the case at bar, the action was dismissed "for lack of jurisdiction", as recited by the Order of May 10; thus, by definition, there could not be an adjudication on the merits. As previously noted, the wording of the Orders bolsters this conclusion. Resultingly, the first step of the test, requiring a decision on the merits, was not fulfilled.
 
 
 21
 The appellants also assert the plaintiffs advanced their case frivolously and in bad faith. The Tenth Circuit recognizes a "narrow exception" to the American Rule, which allows the court to award attorneys' fees when that party's opponent acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." Sterling Energy Ltd. v. Friendly Nat'l Bank, 744 F.2d 1433, 1435 (10th Cir.1984). Moreover, "this circuit requires more than merely a finding that a claim was frivolous when brought.... [T]he bad faith exception is drawn very narrowly and may be resorted to 'only in exceptional cases and for dominating reasons of justice.' " Sterling, 744 F.2d at 1437 (quoting Cornwall v. Robinson, 654 F.2d 685, 687 (10th Cir.1981)). The Tenth Circuit also insists that the trial judge make a specific finding of bad intent or improper motive by the misbehaving party before there can be an award of attorneys' fees. Sterling, 744 F.2d at 1437.
 
 
 22
 Assuming the instant case had reached the merits, the litigation still was not brought vexatiously. The trial court made absolutely no finding of bad faith; to the contrary, the Order of July 16 specifically found (1) there can be no finding of frivolity or bad faith inferred from the May 10 Order of Dismissal, and (2) the litigation expenses were not "necessitated by frivolous or bad faith acts of the plaintiffs or their attorneys." Additionally, the trial court was asked to reconsider the bad faith allegation, after which, it again declined to find vexatious conduct. Clearly, courts are quite hesitant to find claims were pursued in bad faith unless the evidence is remarkably supportive of such a proposition.
 
 
 23
 The mere fact the plaintiff did not prevail before the district court does not necessarily imply that its conduct was "vexatious" or "wanton." The reviewing court must resist the temptation to engage in post hoc reasoning by concluding that because a plaintiff did not ultimately prevail, the action must have been wholly unreasonable and without proper foundation. In other words, even where the law or facts appear questionable at the outset, a party may have a perfectly legitimate ground for bringing the suit. See generally Christainburg Garmet Co. v. EEOC, 434 U.S. 412, 421-22, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). Further, bad faith requires more than a mere showing of a weak or legally inadequate case, and the exception is not invoked by findings of negligence, frivolity, or improvidence. United States v. 2,116 Boxes of Boned Beef, 726 F.2d 1481, 1488 (10th Cir.1984). Hence, it is not surprising that attorneys' fees are awarded only when there is "clear evidence" that challenged actions are taken entirely without color and are pursued for reasons of harassment or delay. Weinberger v. Kendrick, 698 F.2d 61, 80 (2d Cir.1982), cert. denied, 464 U.S. 818, 104 S.Ct. 77, 78 L.Ed.2d 89 (1983).
 
 
 24
 It is well settled, the granting of aggregate attorneys' fees and costs are committed to the sound discretion of the lower court. Further, the appellate court will reverse such determination only if it finds the trial judge abused his discretion. Sterling, 744 F.2d at 1435-36. After a careful review of the record, appellants have failed to persuade this Court that the plaintiff acted in bad faith and that the trial court's ruling was an abuse of discretion. Appellants' contentions are simply without merit. Appellants cite no authority for their miscontention that attorneys' fees may be awarded in a case that was dismissed for lack of jurisdiction, and which was neither brought in bad faith, nor decided on the merits. No such authority exists. Also, neither prong of the two tier test was met. First, the decision was not on the merits; second, appellants have not demonstrated bad faith on behalf of the appellees. We therefore affirm the trial court's denial of attorneys fees and costs.
 
 
 25
 III. IS APPELLANTS' APPEAL FRIVOLOUS?
 
 
 26
 Appellees characterize this appeal as a frivolous filing and ask for damages pursuant to FED.R.APP.P. 38 and 28 U.S.C. Sec. 1912. Basically, both of these provisions provide that where the Court of Appeals affirms and holds that the design of the frivolous appeal was for no purpose other than delay, the prevailing party is entitled to damages.
 
 
 27
 The appellees' "delay" argument is fatally flawed. The appellees premised their argument of delay and frivolity upon the erroneous assumption the appeal was not timely filed. As previously held, the appeal was filed in a timely manner. Moreover, this appeal contained legitimate disputes whose outcomes reasonable persons could differ upon. Appellants' arguments were articulated in good faith. The record and briefs do not indicate the appeal was filed as a delay tactic.
 
 
 28
 Furthermore, this appeal is not frivolous. An appeal is termed frivolous if the result is obvious, or the arguments of error are wholly without merit. DeWitt v. Western Pacific R.R. Co., 719 F.2d 1448, 1451 (9th Cir.1983). Neither of these requirements are present in the instant appeal; furthermore, there is not the requisite "clear showing of bad faith" which would require the imposition of damages upon appellant. State of West Virginia v. Charles Phizer & Co., 440 F.2d 1079, 1092 (2d Cir.1971), cert. denied, 404 U.S. 871, 92 S.Ct. 81, 30 L.Ed.2d 115 (1971). Consequently, this appeal does not justify the assessment of penalties against the appellant pursuant to FED.R.APP.P. 38 or 28 U.S.C. Sec. 1912. See Caesars World, Inc., v. Venus Lounge, Inc., 520 F.2d 269 (3d Cir.1975).
 
 CONCLUSION
 
 29
 Therefore, this Court (1) affirms the trial court's denial of attorneys' fees and costs and (2) holds this appeal was both filed in a timely basis and in good faith.
 
 
 
 *
 The Honorable Hatfield Chilson, Senior United States District Judge for the District of Colorado, sitting by designation