Arthur P. TALIAFERRO,
M.D., Plaintiff,

v.

CITY OF KANSAS CITY, KANSAS, et
al., Defendants.

Civ. A. No. 88–2388–O.

United States District Court,
D. Kansas.

Nov. 20, 1989.

Rosie M. Quinn, Denise Adams, Kansas City, Kan., for plaintiff.

R. Wayne Lampson, Asst. City Atty., Kansas City, Kan., for defendants.

## MEMORANDUM AND ORDER

### EARL E. O'CONNOR, Chief Judge.

This matter is before the court on plaintiff's motion to reconsider and defendants' "Request to Reconsider and Strike Plaintiff's Motion to Reconsider." Plaintiff originally brought this section 1983 action against the City of Kansas City, Kansas, and Lowell Nunley, a code enforcement agent for the city, seeking damages for alleged violations of his constitutional rights in connection with his arrest for housing code violations, as well as damages for common-law claims of wrongful arrest, false imprisonment and malicious prosecution. We granted defendants' motion for summary judgment on plaintiff's section 1983 claims. For the reasons stated below, plaintiff's motion to reconsider is granted in part and denied in part and defendants' motion is denied.

### I. *Untimely Filing of Motion To Reconsider*

On August 18, 1989, the court granted defendants' motion for summary judgment on plaintiff's claims under 42 U.S.C. § 1983. On September 1, 1989, plaintiff filed a "Motion for Extension of Time to File Motion to Reconsider." On September 11, 1989, defendants filed a response opposing plaintiff's request for an extension of time, contending that pursuant to Rules 59(e) and 6(b) of the Federal Rules of Civil Procedure, the court may not grant extensions of time to serve a motion to reconsider a grant of summary judgment. Subsequently, the court granted plaintiff's motion for an extension of time. After the motion to reconsider was filed, the defendants responded again contending that the court improperly granted the extension and moving to strike plaintiff's motion to reconsider as untimely.

It is defendants' position that since a motion to reconsider a grant of summary judgment must be treated as a Motion to Alter or Amend Judgment under Rule 59(e), extensions of time to serve Rule 59(e) motions are explicitly precluded by Rule 6(b). We agree that, in this case, the court's grant of an extension of time to file the motion for reconsideration was erroneous.

Initially, we note that the Federal Rules of Civil Procedure do not directly address "Motions to Reconsider." Rather, the federal rules treat such post-decisional motions under either Rule 59(e) (motions to alter or amend judgments) or Rule 60(b) (motions for relief from judgment). Where, as in the case at bar, the motion to reconsider cites neither rule for reference, the court must examine the character of the motion to determine whether it shall be treated as a Rule 59(e) or Rule 60(b) motion.[1]

The substantive distinction between these two rules is that motions under Rule 59(e) allege fundamental legal errors requiring the court to reconsider an earlier decision, while motions under Rule 60(b) are made to relieve a party from a judgment due to mistake, inadvertence, excusable neglect, newly discovered evidence and fraud. *See generally Smith v. Evans,* 853 F.2d 155, 157–58 (3d. Cir.1988). Gener-

---

1. Characterization of a "Motion to Reconsider" as a motion either under Rule 59(e) or Rule 60(b) has important procedural consequences. Procedurally, Rule 59(e) motions must be served within ten days from the entry of judgment while motions under Rule 60(b) may be served either within one year or within "a reasonable time period." A second important procedural distinction between the two rules is that a timely Rule 59(e) motion tolls the time for appeal until the district court rules upon the motion, while a motion under Rule 60(b) has no effect upon the appeal period. Fed.R.App.P. 4(a), Fed.R.Civ.P. 60; *see also Vreeken v. Davis,* 718 F.2d 343, 345–46 (10th Cir.1983).

ally, any motion which calls into question the correctness of the judgment is functionally a motion under Rule 59(e), whatever its label. *Autorama Corp. v. Stewart*, 802 F.2d 1284 (10th Cir.1986), citing *Cooper v. Singer*, 689 F.2d 929, (10th Cir.1982); *Jones v. Nelson*, 484 F.2d 1165, 1167–68 (10th Cir.1973); 9 *Moore's Federal Practice*, ¶ 204–12(1), at 4–67 (2d ed.). Applying these principles to plaintiff's motion in the case at bar, we find that, since the motion alleges fundamental legal errors in the court's grant of summary judgment, the motion must be treated as a motion to alter or amend judgment pursuant to Rule 59(e).

■ Having determined that plaintiff's motion to reconsider is functionally a motion under Rule 59(e), we observe that the federal rules provide for a ten-day time limit for serving Rule 59(e) motions.[2] Further, it is well settled that pursuant to Rule 6(b), Fed.R.Civ.P., the district court lacks the power to extend this time period.[3] Fed. R.Civ.P. 6(b); *see also Marane, Inc. v. McDonald's Corp.*, 755 F.2d 106, 111 (7th Cir.1985); *Peake v. First Nat. Bank and Trust Co. of Marquette*, 717 F.2d 1016, 1019 (6th Cir.1983). Therefore, we find that the court erred in granting plaintiff an extension of time to file the motion for reconsideration. However, despite the fact that plaintiff's motion for reconsideration was technically untimely, we decline to grant defendant's motion to strike and will briefly address the merits of the motion to reconsider.

## II. *Motion To Reconsider*

■ It is the general rule that a motion to reconsider is the opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position, the facts or the law, or mistakenly has decided issues outside of those the parties presented for determination. *See Refrigeration Sales Co. v. Mitchell–Jackson, Inc.*, 605 F.Supp. 6, 7 (N.D.Ill.1986). Here, plaintiff contends that the court erred both in denying his motion to file a second amended complaint and in granting summary judgment in favor of defendant Nunley on plaintiff's section 1983 claims.[4] Initially, plaintiff urges the court to reconsider its denial of his motion to amend. Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires...." Although the granting of such a motion is within the discretion of the court, the United States Supreme Court has indicated that the provision "leave shall be freely given" is a "mandate ... to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Turning to the facts of the instant case, on March 7, 1989, the date of the final pretrial conference, plaintiff was granted leave until March 20, 1989, to file a motion to amend his complaint. On March 20, 1989, plaintiff moved to amend his complaint to add claims under 42 U.S.C. §§ 1981 and 1985, as well as a claim alleg-

---

2. Rule 59(e) provides:

Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later that 10 days after entry of the judgment.

3. Rule 6(b) provides:

When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; *but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), 60(b), and 74(a), except to the extent and under the conditions stated in them.* Rule 6(b), Fed.R. Civ.P.; (emphasis supplied.).

4. Plaintiff also requests the court to "reconsider" his claim under "the Bill of Rights of the Kansas Constitution, Article 1, 2, and 15." A thorough review of the record reveals that neither the complaint, the first amended complaint nor the pretrial order reflect such a claim.

ing a pattern, policy and practice by the defendant, Kansas City, Kansas, to prosecute individuals instead of corporations for alleged environmental violations.

In denying the motion to amend, we found that allowing plaintiff to amend his complaint would cause undue delay and would prejudice defendants. We stated further:

> The new allegations would require additional discovery in a case which has already proceeded through discovery and pretrial and is set on the court's August 28, 1989, trial calendar. Moreover [plaintiff's] new allegations are closely related to his original claims, and he has failed to sufficiently explain why he waited until the eve of the trial to assert the new claims.

*Taliaferro v. City of Kansas City, Kansas*, No. 88–2388, 1989 WL 103633 (D.Kan. *unpublished*, August 18, 1989). Plaintiff takes issue with the court's reasoning, arguing that (1) his motion to amend was timely, since it was filed within the time limits granted by the magistrate; and (2) since the motion to amend was filed on March 20, 1989, he did not wait until the "eve of trial" to assert additional claims.

■ While plaintiff may be correct in arguing that he did not wait until the "eve of trial", we note that he did indeed wait until discovery had closed to assert the additional claims.[5] It is well established that in determining whether to grant leave to amend, the court may consider such factors as undue delay, the moving party's bad faith or dilatory motive, the prejudice an amendment may cause the opposing party, and the futility of amendment. *Foman v. Davis, supra*, 371 U.S. at 182, 83 S.Ct. at 230. In the absence of a specific factor such as flagrant abuse, bad faith, futility of amendment, or truly inordinate and unexplained delay, prejudice to the opposing party is the key factor to be evaluated in deciding a motion to amend. *Dunn v. Kaaz Holding Co.*, No. 83–2375 (D.Kan., *unpublished*, July 2, 1985). Prejudice under Rule 15 "means undue difficulty in

prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir.1969); *see also LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1474 (10th Cir.1983). The party opposing the amendment of the pleadings has the burden of showing prejudice. *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977).

■ Here, defendants clearly carried their burden of demonstrating prejudice by showing that in order to defend against plaintiff's new allegations it would be necessary to reopen discovery to implement an exhaustive review of every ticket issued in municipal court for environmental complaints. On this basis, as well as because plaintiff has failed to explain his delay in asserting the new claims, we remain persuaded that plaintiff's motion to amend should be denied.

■ Secondly, plaintiff asks the court to reconsider its grant of summary judgment in favor of defendant Nunley on plaintiff's claims under 42 U.S.C. § 1983. In his memorandum opposing summary judgment, plaintiff failed to set forth specific facts indicating that Nunley's actions amounted to anything more than negligence. Citing *Daniels v. Williams* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) and *Hewitt v. City of Truth or Consequences*, 758 F.2d 1375 (10th Cir.1985), *cert. denied*, 474 U.S. 844, 106 S.Ct. 131, 88 L.Ed.2d 108 (1985), we found that even if Nunley had been negligent in his actions involving plaintiff, his conduct did not rise to a level of a denial of due process actionable under section 1983. In his motion to reconsider, plaintiff presents no new facts or arguments on this issue, but merely offers conclusory statements that Nunley's acts were "deliberate" and an "abuse of power." Such conclusory statements are insufficient to meet plaintiff's burden of setting forth specific facts showing that there is a genuine issue for trial. *See*

---

**5.** The pretrial order indicated that discovery terminated on March 3, 1989 and all dispositive motions were to be filed by April 30, 1989.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Accordingly, plaintiff's motion for reconsideration on this issue is denied.

Finally, plaintiff contends that the court erred in its August 21, 1989, entry of judgment dismissing his action on the merits since his state claims for malicious prosecution, false arrest and false imprisonment were still pending.[6] Plaintiff is correct in noting that defendants moved for summary judgment solely on plaintiff's section 1983 claims. After careful review of the file, we agree that the August 21, 1989, order was erroneously entered and accordingly will set the August 21, 1989, order aside.

IT IS THEREFORE ORDERED that defendant's motion to reconsider and to strike is denied.

IT IS FURTHER ORDERED that plaintiff's motion for reconsideration is granted in part and denied in part.

IT IS FURTHER ORDERED that the court's order of August 21, 1989, dismissing plaintiff's action is set aside. The court extends the time to file dispositive motions on plaintiff's remaining claims until January 5, 1990.

---

**6.** Since plaintiff's contention on this issue is essentially a motion to correct a clerical error, we treat it as a timely motion under Rule 60(a), Fed.R.Civ.P.