972 F.2d 356
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 COGENCO INTERNATIONAL, INC., a Colorado corporation,
Plaintiff-Appellee,
v.
BEVERLY WOODS WEST CORP., doing business as The Lexington
House, Defendant,
Gary A. Weintraub, Attorney-Appellant.
 No. 91-1344.
 United States Court of Appeals, Tenth Circuit.
 July 29, 1992.
 
 Before JOHN P. MOORE, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Gary A. Weintraub, counsel for Defendant Beverly Woods West, doing business as The Lexington House, appeals from the United States District Court for the District of Colorado's Order Awarding Attorneys' Fees pursuant to Fed.R.Civ.P. 11 against him. On appeal, Weintraub argues that (1) sanctions under Rule 11 were improper and (2) if sanctions were proper, the attorney's fees awarded were excessive. We affirm the award of Rule 11 sanctions, but reverse as to the amount of attorney's fees awarded to Richard A. Goldberg and his law firm, Brenman, Raskin, Friedlob & Tenenbaum, P.C.
 
 
 3
 Plaintiff Cogenco International, Inc., commenced this action in the district court seeking a judgment against Lexington for amounts Lexington allegedly owed Cogenco for default on a lease agreement. After the action was commenced, Lexington tendered a $16,000.00 check to Cogenco along with a proposed settlement. Cogenco rejected the proposed settlement, but kept the check. Pursuant to a stipulation of the parties, the district court entered judgment in favor of Cogenco. Cogenco registered the judgment in Illinois. Thereafter, it garnished Lexington's bank account. Cogenco presented the check from the proposed and rejected settlement to Lexington's bank. Although a stop payment order had been issued for the check, the bank issued a cashier's check to Cogenco for $16,000.00. Cogenco cashed the check, indicating on the back that it was in partial satisfaction of the judgment. After Cogenco cashed the check, Lexington objected to the garnishment in the United States District Court for the Northern District of Illinois. The Illinois district court stayed proceedings and directed that the objections be filed in the Colorado district court. Lexington then filed a similar motion in the district court below objecting to the garnishment and seeking to enforce the proposed and rejected settlement. The district court denied the motion as frivolous and entered an order imposing Rule 11 sanctions against Lexington's attorneys, Weintraub and Michael I. Thynne. Cogenco's counsel then submitted their attorney's fees requests.
 
 
 4
 Lexington moved to vacate the order imposing Rule 11 sanctions and alternatively objected to the amount of attorney's fees requested. The district court denied the motion to vacate and awarded attorney's fees and costs of $2,035.00 to William A. Powers and attorney's fees of $1,750.00 to the law firm of Brenman, Raskin, Friedlob & Tenenbaum, P.C. The order required only that Weintraub pay the attorney's fees. Weintraub appealed.[1]
 
 I.
 
 5
 Weintraub first argues that the district court erred in awarding Rule 11 sanctions. He complains that although the district court found the motion for stay frivolous, it did not specifically find either that the motion for stay was not well-grounded in fact, not warranted by existing law or a good faith argument for the extension of the law, or brought for an improper purpose.
 
 
 6
 In reviewing all aspects of a district court's Rule 11 determination, this court applies an abuse of discretion standard. Under this standard, reversal would be appropriate only if a district court "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence."
 
 
 7
 Hughes v. City of Fort Collins, 926 F.2d 986, 988
 
 
 8
 (10th Cir.1991) (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S.Ct. 2447, 2461
 
 
 9
 (1990)). Because the district court is familiar with the
 
 
 10
 issues and litigants, it is better able to apply the
 
 
 11
 fact-based legal standard of Rule 11, Cooter & Gell, 110 S.Ct. at 2459
 
 
 12
 , and to determine when a sanction is warranted, id. at 2460
 
 
 13
 . We may not second-guess the district court's
 
 
 14
 determinations. Hughes, 926 F.2d at 989.
 
 Rule 11, in pertinent part, provides that
 
 15
 The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose ... an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
 
 
 16
 Thus, a signature on a pleading certifies the party "has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well-grounded in both, and is acting without any improper motive." Business Guides, Inc. v. Chromatic Communications Enters., Inc., 111 S.Ct. 922, 929 (1991); accord Coffey v. Healthtrust, Inc., 955 F.2d 1388, 1393 (10th Cir.1992); White v. General Motors Corp., 908 F.2d 675, 679 (10th Cir.1990).
 
 
 17
 Determining whether an attorney has violated Rule 11 involves a consideration of three types of issues. The court must consider factual questions regarding the nature of the attorney's prefiling inquiry and the factual basis of the pleading or other paper. Legal issues are raised in considering whether a pleading is "warranted by existing law or a good faith argument" for changing the law and whether the attorney's conduct violated Rule 11. Finally, the district court must exercise its discretion to tailor an "appropriate sanction."
 
 
 18
 Cooter & Gell, 110 S.Ct. at 2457.
 
 
 19
 The purpose of Rule 11 is to deter the filing of baseless actions in the district courts. Cooter & Gell, 110 S.Ct. at 2454. The district court applies an objective standard in making its Rule 11 determinations and considers whether a reasonable and competent attorney would believe in the merits of an argument. Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am., 935 F.2d 1152, 1155 (10th Cir.1991). An attorney's good faith belief in the merits of an argument is insufficient. White, 908 F.2d at 680. The attorney must actually present a colorable claim that is objectively reasonable under the circumstances. Id.
 
 
 20
 Weintraub maintains there is no factual basis for an award of sanctions because the parties essentially agree on the facts. Weintraub correctly states that the parties agree that Lexington tendered the $16,000.00 check to Cogenco as an offer of settlement and that Cogenco kept the check and eventually cashed a $16,000.00 cashier's check. Cogenco, however, asked for directions on what to do with the initial $16,000.00 check after it specifically rejected the proposed settlement. Receiving no direction, it kept the check. Furthermore, Cogenco did not actually cash the initial check, because Lexington had issued a stop payment on it. Rather, Lexington's bank issued a cashier's check after the district court entered its judgment on the parties' stipulation and pursuant to the garnishment. Even though the parties essentially agree on the facts, the facts are such that Weintraub cannot reasonably argue that Cogenco should be bound by the terms of the proposed and rejected settlement.
 
 
 21
 Weintraub also maintains that there is no legal basis for an award of sanctions. He argues that the cashing of the cashier's check bound Cogenco to the terms of the settlement, despite the entry of judgment between the time the initial check was tendered and the cashier's check was cashed. The evidence does not support Weintraub's argument. Cogenco did not cash the initial check. The bank issued a cashier's check after Lexington's bank account had been garnished and after the district court entered judgment. There is no indication that Cogenco accepted or should be bound by the conditions of settlement originally proposed by Lexington. Weintraub's argument is not warranted by existing law or a reasonable basis for changing the law.
 
 
 22
 Weintraub finally argues that Lexington acted reasonably at all times during the litigation and did not seek to harass Cogenco or cause unnecessary delay. Although Cogenco does not respond to this argument, we conclude from the record on appeal that Lexington did not act reasonably. Lexington unnecessarily attempted to delay execution of the judgment in this case by filing its motions in the Illinois and Colorado district courts.
 
 II.
 
 23
 Weintraub argues that if Rule 11 sanctions were proper, the district court awarded an excessive amount of attorney's fees to Cogenco's attorneys. Furthermore, he submits that Cogenco had a duty to mitigate any attorney's fees but failed to do so.
 
 
 24
 We review the amount of an award of attorney's fees for an abuse of discretion. See Eisenberg v. University of N.M., 936 F.2d 1131, 1132, 1137 (10th Cir.1991); Melrose v. Shearson/American Express, Inc., 898 F.2d 1209, 1214 (7th Cir.1990).
 
 A.
 
 25
 With regard to the attorney's fees request of Richard H. Goldberg and the law firm of Brenman, Raskin, Friedlob & Tenenbaum, P.C., Weintraub argues the attorney's fees award was excessive because Goldberg was never counsel of record and was merely available to be substitute counsel if attorney William A. Powers was called as a witness. Goldberg was never actually needed as substitute counsel. Goldberg and his firm requested $3,589.25 for 45.8 hours of work. The district court awarded $1,750.00 for 17.5 hours of work, the amount of time Goldberg spent himself. The court determined the work done by Goldberg's law clerk and colleague duplicated work done by Powers.
 
 
 26
 In determining a reasonable amount of time expended, courts must consider a potential duplication of services. Ramos v. Lamm, 713 F.2d 546, 554 (10th Cir.1983). Although more than one attorney may be needed sometimes, as was the situation in this case, additional attorneys present a greater likelihood of duplication of efforts. See id.
 
 
 27
 Much of the time claimed by Goldberg related to research. Weintraub correctly points out that (1) neither Goldberg nor his firm were required to and did not file any pleading; (2) counsel of record, Powers, prepared and filed the responsive pleading; and (3) the pleading filed was nearly identical to one filed in Illinois. Additionally, there is no indication that Goldberg did independent supplemental research on any issues or that such research would even be necessary. See White v. General Motors Corp., 908 F.2d at 684 (injured party had duty to mitigate expenses by not overresearching); Ramos, 713 F.2d at 554 (if the same task is performed by more than one attorney, multiple compensation should be denied).
 
 
 28
 Weintraub also asserts that Goldberg spent an inordinate amount of time familiarizing himself with the facts of the case. Again, we agree. The facts in this case are largely undisputed and could have been reviewed quickly.
 
 
 29
 Weintraub submits that a fee award should be limited to thirty minutes, the amount of time Goldberg actually spent at the hearing on the motion objecting to the garnishment and seeking to enforce the proposed and rejected settlement. Although we agree that the district court abused its discretion by awarding the amount of attorney's fees it awarded, we cannot conclude that an award of attorney's fees for thirty minutes is appropriate. Accordingly, we remand to the district court to reconsider the attorney's fees award to Goldberg and his law firm in light of this order and judgment.
 
 B.
 
 30
 Weintraub argues that the attorney's fees request of William A. Powers also was excessive. Powers requested $7,490.51 for 57.1 hours. The district court awarded $2,021.00 for 20.2 hours. The court awarded fees only for the time Powers spent preparing Cogenco's response to Lexington's motion. Weintraub believes that at most 13.7, rather than 20.2 hours, were necessary to prepare the response, because the response was similar to the one previously filed in Illinois. Although the district court may have awarded fees in excess of what we would have awarded, we cannot conclude the district court abused its discretion. See Eisenberg, 936 F.2d at 1137.
 
 III.
 
 31
 Cogenco requests attorney's fees and costs on appeal, pursuant to Fed.R.App.P. 38 and 10th Cir.R. 46.5. In light of our reversal on the amount of attorney's fees awarded to Goldberg, we disagree with Cogenco's argument that this appeal is frivolous. U.S. Indus., Inc. v. Touche Ross & Co., 854 F.2d 1223, 1244 (10th Cir.1988) (failure to prevail at trial does not necessarily imply conduct on appeal was vexatious or that grounds for appeal were unreasonable or without proper foundation); Republic Resources Corp. v. ISI Petroleum W. Caddo Drilling Program 1981, 836 F.2d 462, 466 (10th Cir.1987) (when appellant's arguments are meritorious, no attorney's fees are awarded on appeal); Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir.1987) (appeal is not frivolous when appellant's arguments have merit and result on appeal is not obvious); Autorama Corp. v. Stewart, 802 F.2d 1284, 1288 (10th Cir.1986) (damages are not warranted when appeal contains legitimate disputes whose outcomes a reasonable person could differ on). Accordingly, the request is DENIED.
 
 
 32
 The judgment of the United States District Court for the District of Colorado is AFFIRMED in part and REVERSED in part. The action is REMANDED to the district court for further proceedings on an award of attorney's fees to Goldberg. Weintraub's Motion for Leave to File Reply Brief, Instanter is GRANTED.
 
 
 33
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Subsequently, the district court entered an amended order, nunc pro tunc, ordering that both Weintraub and Thynne pay the attorney's fees. The district court lacked jurisdiction to enter this order after the notice of appeal was filed; thus, the subsequent order is null and void. See Garcia v. Burlington N. R.R., 818 F.2d 713, 721 (10th Cir.1987)