999 F.2d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert MILLER and Penny Miller, Husband and Wife, Plaintiffs,
v.
STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, an Illinois
Corporation, Defendant-Appellant/Cross-Appellee,
v.
Robert CLARK, Defendant-Appellee/Cross-Appellant.
 Nos. 92-6353, 92-6359.
 United States Court of Appeals, Tenth Circuit.
 July 15, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Defendant State Farm Fire and Casualty Company appeals a district court judgment awarding attorney's fees to third party defendant Robert Clark as the prevailing party in a civil action for conspiracy to burn property. See Okla.Stat.Ann. tit. 12, § 940(A) (West 1988) (prevailing party in an action for "negligent or willful injury to property" entitled to recover attorney's fees). Mr. Clark cross-appeals, challenging the amount of the award on several grounds. We affirm that portion of the district court's order awarding attorney's fees but remand the case for further consideration of the amount of the award.
 
 
 3
 On December 29, 1988, Robert and Penny Miller's house was destroyed by fire. Mr. Clark had sold the property to the Millers, who in turn agreed to pay off a mortgage and note which Mr. Clark owed to First American Bank and Trust Company. Shortly before the fire occurred, the Millers took out an insurance policy with State Farm which covered the dwelling, personal property, and additional living expenses. The policy also provided for payment to the mortgagee, First American, should the property be destroyed by fire.
 
 
 4
 After the fire, State Farm purchased and took assignment of the mortgage and note, thereby paying First American the amount due on the note. State Farm also investigated the fire and concluded not only that the fire had been set deliberately, but also that the fire resembled several other residential fires in which Mr. Clark was the "common denominator." Thus, State Farm denied the Millers' claim under the insurance policy.
 
 
 5
 The Millers subsequently brought an action against State Farm for breach of insurance contract and bad faith.[1] State Farm, in turn, counterclaimed against the Millers and filed a third party petition against Mr. Clark seeking to recover the amount paid to First American. In relevant part, the third party petition alleged:
 
 
 6
 The fire was set by or at the direction of the [Millers] in a conspiracy with Robert Clark to burn the property which was the subject of the insurance policy for the purpose of obtaining insurance benefits.
 
 
 7
 As a result of the aforementioned fire, [State Farm] had to pay the sum of $25,666.99 to the mortgagee, First American Bank of Purcell, Oklahoma, and other monies advanced to the [Millers].
 
 
 8
 The case went to trial and the jury returned a verdict for Mr. Clark, finding the fire was not caused by arson.[2] Mr. Clark then moved for attorney's fees under Okla.Stat.Ann. tit. 12, § 940(A), requesting an enhanced fee award of $198,686.25. The district court granted his motion but awarded only $51,625.
 
 
 9
 In its order awarding attorney's fees, the district court first determined that because State Farm accused Mr. Clark of conspiring to intentionally burn the Miller property, "the gravamen of this claim is indeed for willful injury to property." The court thus concluded Mr. Clark was entitled to attorney's fees under § 940(A) for successfully defending against State Farm's third party petition.
 
 
 10
 The court then considered the amount of the fee award. Finding that State Farm initially accused Mr. Clark of "being involved in as many as eight fires," but ultimately limited its arson allegations to four fires, the court awarded Mr. Clark "six hours of preparation for every one courtroom hour" at an hourly rate of $125. Applying this formula to the 59 hours of courtroom time, and imposing costs "in accordance with the Court Clerk's calculation," the district court awarded $51,625 in attorney's fees and costs.
 
 
 11
 On appeal, State Farm contends the district court mischaracterized its claim against Mr. Clark and, in so doing, erroneously awarded attorney's fees under § 940(A). According to State Farm, its "cause of action against Robert Clark was for conspiracy to defraud an insurance company--not 'negligent or willful injury to property.' " Thus, because its allegations against Mr. Clark "do[ ] not center around the physical destruction of the Miller property," State Farm maintains its third party petition "clearly does not fit within the perimeters [sic] of § 940(A) or any other statutory authority."
 
 
 12
 In response, Mr. Clark argues that State Farm has recharacterized its third party petition as a fraud action merely to escape liability under § 940(A). Indeed, he contends State Farm's assertions about the nature of this case are "clearly refuted" by the pleadings, pretrial order, jury instructions, verdict form, witnesses' testimony, burden of proof, and factual findings of the district court. Therefore, because he was charged with "wrongful arsonous acts" and "arson, as a matter of necessity, requires that there be physical damage to property," Mr. Clark maintains the district court's award of attorney's fees was proper under § 940(A).
 
 
 13
 Mr. Clark also challenges the amount of the award, contending he was entitled to the full amount of fees requested ($198,686.25) because he "was forced to be prepared to defend allegations of eight arson fires," which is "tantamount to defending eight individual cases of arson." According to Mr. Clark, moreover, the court erroneously "failed to follow the lodestar method of determining the number of hours the attorney spent in the preparation of the case." Additionally, he contends the court should have enhanced his attorney's hourly fee from $125 to $175 due to the "exceptional circumstances" surrounding this case. Instead, by "arbitrarily assigning ... six hours preparation for each courtroom hour," Mr. Clark claims the district court abused its discretion and violated the established attorney fee guidelines of both this circuit and the Supreme Court.
 
 
 14
 "An appellate court plays a limited role in reviewing a trial court's award of attorneys' fees." Mares v. Credit Bureau of Raton, 801 F.2d 1197, 1200 (10th Cir.1986). Accordingly, "the question is not whether we would have awarded more hours, but whether the district court abused its discretion." Smith v. Freeman, 921 F.2d 1120, 1124 (10th Cir.1990); Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("[T]he district court has discretion in determining the amount of a fee award."). Therefore, "the underlying factual findings are reversible only if clearly erroneous." Supre v. Ricketts, 792 F.2d 958, 961 (10th Cir.1986) (citation omitted). However, "any statutory interpretation or other legal analysis which provides the basis for the award is reviewable de novo." Id. (citation omitted).
 
 
 15
 "In a diversity action, the right to recover attorneys' fees as a part of costs depends on state law." Rockwood Ins. Co. v. Clark Equip. Co., 713 F.2d 577, 579 (10th Cir.1983) (citation omitted). Under Oklahoma law, "attorney fees to the prevailing party are not recoverable in the absence of a statute or an enforceable contract." Sisney v. Smalley, 690 P.2d 1048, 1049 (Okla.1984) (footnote citation omitted); Jesko v. American-First Title & Trust Co., 603 F.2d 815, 819 (10th Cir.1979). Here, the parties dispute whether § 940(A) provides a statutory basis for awarding attorney's fees to Mr. Clark as the prevailing party in this action.[3]
 
 
 16
 Having reviewed the district court's order, the record before us, and the case law interpreting § 940(A), we conclude the district court properly awarded attorney's fees. Moreover, we find State Farm's post-judgment attempt to recharacterize its third party petition as a fraud or indemnification action wholly unpersuasive. One need only examine the third party petition, which accuses Mr. Clark of "conspiracy ... to burn the property," to conclude the gravamen of State Farm's claim against him was indeed the willful destruction of property. Thus, State Farm cannot escape liability under § 940(A) simply because it did not employ the statute's precise language in framing its pleadings.
 
 
 17
 The jury instructions further illustrate the true nature of State Farm's allegations against Mr. Clark. Jury Instruction No. 13, the only instruction pertaining to fraud, charged the Millers, not Mr. Clark, with violating the concealment or fraud provision of the insurance policy. In contrast, Jury Instruction No. 16 alleged that "Robert Clark conspired or acted in concert with the Millers to cause the fire that destroyed the Millers' home." (emphasis added). That instruction further stated that for State Farm to succeed in its claim against Mr. Clark, it would have to prove "[t]he formation and operation of a conspiracy to burn the Miller house," Mr. Clark's participation in the conspiracy, and "wrongful arsonous acts done pursuant to the conspiracy." (emphasis added). Thus, the jury was required to determine whether Mr. Clark conspired to burn the Miller property, not whether he engaged in fraud. The jury ultimately answered that question in the negative, finding State Farm had not "proven its claim of arson" against Mr. Clark. It follows that Mr. Clark, the prevailing party, is entitled to attorney's fees under § 940(A).
 
 
 18
 However, we are troubled by the district court's failure to explain its methodology in calculating the amount of fees awarded. Although a district court generally has discretion in determining the amount of a fee award, it must "provide a concise but clear explanation of its reasons for the fee award." Smith, 921 F.2d at 1122 (quoting Hensley, 461 U.S. at 437). Here, the only explanation given for the district court's award of six trial preparation hours for each courtroom hour is its finding that State Farm initially accused Mr. Clark of being involved in eight fires but later limited its allegations to four fires. That finding merely clarifies why Mr. Clark was awarded more hours for prevailing against State Farm than State Farm was allotted for succeeding in its case against the Millers. However, the district court did not explain why it rejected the fee award proposed by Mr. Clark in favor of its own formula. Thus, although we are mindful that "[a] request for attorney's fees should not result in a second major litigation," Hensley, 461 U.S. at 437, we have no choice but to remand the case for further findings because the district court has not provided "an adequate basis for review." Mares, 801 F.2d at 1201 (quoting Ramos v. Lamm, 713 F.2d 546, 552 (10th Cir.1983)); see also Smith, 921 F.2d at 1124 (remand necessary where district court did not review claim for time spent preparing reply brief).
 
 
 19
 In calculating the appropriate fee award on remand, the district court should make factual findings in accordance with the established guidelines of this circuit and the Supreme Court. See Mares, Smith, Ramos, and the cases cited therein. In short, the court
 
 
 20
 must carefully scrutinize the total number of hours reported to arrive at the number of hours that can reasonably be charged to the losing party, much as a senior partner in a private firm would review the reports of subordinate attorneys when billing clients whose fee arrangement requires a detailed report of hours expended and work done.
 
 
 21
 Ramos, 713 F.2d at 555.
 
 
 22
 While the district court must make specific findings, id., we recognize that "the establishment of fees is not an exact science." Mares, 801 F.2d at 1210. Therefore, the district court need not "identify and justify each disallowed hour" or "announce what hours are permitted for each legal task" because such a requirement would both "lead to disagreement of the most odious sort between court and counsel" and "cause a subtle shift in the burden of proof from counsel to court." Id. at 1202, 1210 (citations omitted). Therefore, "[a] general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use." Id. at 1203 (citations omitted) (emphasis added).
 
 
 23
 With respect to Mr. Clark's request for enhanced fees, we note that although "[t]he establishment of hourly rates in awarding attorneys' fees is within the discretion of the trial judge who is familiar with the case and the prevailing rates in the area," Lucero v. City of Trinidad, 815 F.2d 1384, 1385 (10th Cir.1987) (citation omitted), here the district court neither explained its hourly rate award of $125 nor expressly addressed Mr. Clark's enhanced fee request. Thus, on remand the district court also must evaluate whether Mr. Clark has satisfied the stringent standards set forth in such cases as Hensley, 461 U.S. 424 and Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711 (1987), keeping in mind, however, that "an enhancement for a contingency must be viewed with caution and ... is appropriate only in 'exceptional cases.' " Homeward Bound, Inc. v. Hissom Memorial Center, 963 F.2d 1352, 1360 (10th Cir.1992) (citations omitted).
 
 
 24
 As a final matter, we address Mr. Clark's contention that State Farm's appeal is "frivolous and meritless." "Both Rule 38 [of the Federal Rules of Appellate Procedure] and [28 U.S.C.] § 1912 allow for single or double damages if the court determines that an appeal is frivolous or brought for purposes of delay." U.S. Industries, Inc. v. Touche Ross & Co., 854 F.2d 1223, 1244 (10th Cir.1988) (citation omitted). However, "[a] nonprevailing party should not be penalized for merely prosecuting or defending a lawsuit," id. at 1241 (citations omitted), so long as the appeal contains "legitimate disputes whose outcomes reasonable persons could differ upon." Autorama Corp. v. Stewart, 802 F.2d 1284, 1288 (10th Cir.1986). Moreover, our examination of the arguments on both sides leads us to conclude neither can avoid criticism for puffery. To single out one side under these circumstances would transcend fairness.
 
 
 25
 Under these circumstances, and on balance, we do not believe State Farm's appeal is "wholly without merit" given the absence of prior case law awarding attorney's fees under the statute to the prevailing party in an arson action. Moreover, we cannot say the appeal was undertaken in bad faith because Mr. Clark has presented no evidence to support his contention that State Farm intended to delay payment or to "cripple" his own case against State Farm. See U.S. Industries, 854 F.2d at 1244. Accordingly, we deny Mr. Clark's request for sanctions.
 
 
 26
 The district court's order awarding attorney's fees is AFFIRMED in part, REVERSED in part, and REMANDED for further consideration of the appropriate fee award.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Mr. Clark filed a separate action against State Farm for breach of contract, slander of title, fraud, intentional infliction of emotional distress, and bad faith. That case was later dismissed
 
 
 [2]
 The jury also found the Millers had violated the "concealment or fraud" provision of the insurance policy. However, that portion of the case is not before this court
 
 
 [3]
 Section 940(A) states:
 In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action.
 (emphasis added).