129 Nev., Advance Opinion 98

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN ALLEN LYTLE AND TRUDI LEE
LYTLE, AS TRUSTEES OF THE LYTLE
TRUST,
Appellants,
vs.
ROSEMERE ESTATES PROPERTY
OWNERS ASSOCIATION, A NEVADA
NONPROFIT CORPORATION,
Respondent.

No. 60657

**FILED**

DEC 26 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

JOHN ALLEN LYTLE AND TRUDI LEE
LYTLE, AS TRUSTEES OF THE LYTLE
TRUST,
Appellants,
vs.
ROSEMERE ESTATES PROPERTY
OWNERS ASSOCIATION, A NEVADA
NONPROFIT CORPORATION,
Respondent.

No. 61308

Jurisdictional screening of consolidated appeals from a final judgment in an action concerning homeowners' association dues and governance (Docket No. 60657) and from a post-judgment order awarding supplemental attorney fees (Docket No. 61308). Eighth Judicial District Court, Clark County; Rob Bare, Judge.

*Briefing reinstated.*

Sterling Law, LLC, and Beau Sterling, Las Vegas,
for Appellants.

Leach Johnson Song & Gruchow and Sean L. Anderson and Ryan W. Reed, Las Vegas,
for Respondent.

13-39241

BEFORE HARDESTY, PARRAGUIRRE and CHERRY, JJ.

*OPINION*

PER CURIAM:

NRCP 59(e) allows a party to move the district court to alter or amend a "judgment." The timely filing of an NRCP 59(e) motion may toll the period in which a notice of appeal from the judgment must be filed until the motion is resolved. NRAP 4(a)(4). Here, however, appellants filed a motion to alter or amend a post-judgment order awarding supplemental attorney fees. We asked the parties to address whether an NRCP 59(e) tolling motion is properly directed at a post-judgment order or whether that rule is limited to final judgments.

NRCP 54(a) defines judgment to include "any order from which an appeal lies." Based on this definition, we conclude that tolling under NRAP 4(a)(4) applies to an NRCP 59(e) motion to alter or amend directed at an appealable special order after final judgment. As a result, the notice of appeal from this order was timely filed and the appeal may proceed.

*FACTS AND PROCEDURAL HISTORY*

In a dispute concerning unpaid homeowners' association (HOA) dues, the district court concluded that the HOA fees were proper, dismissed appellants' claims to the contrary, and awarded respondent HOA the unpaid fees and attorney fees. Although appellants prematurely filed a notice of appeal before the district court's final judgment was entered, their appeal from that order was deemed timely and proper once the order was filed. NRAP 4(a)(6). Thus, there is no jurisdictional issue as to the appeal from the final judgment.

Meanwhile, however, respondent moved for and was awarded supplemental attorney fees for its counsel's additional services in the court below. The supplemental attorney fees award's notice of entry was served by mail on August 14, 2012. Appellants did not immediately file a notice of appeal, but instead timely filed an NRCP 59(e) motion to alter or amend the order. After the district court denied the motion to alter or amend in a written order entered on January 16, 2013, appellants filed a notice of appeal from the supplemental attorney fees award on January 30, 2013, well beyond 30 days from the supplemental attorney fees award's notice of entry. Because it was unclear whether appellants' motion to alter or amend the post-judgment order awarding supplemental attorney fees tolled the period for filing the notice of appeal, this court issued an order to show cause whether the notice of appeal was timely filed. The parties timely responded.

## DISCUSSION

A notice of appeal must be filed within 30 days following service of the notice of entry of the judgment or appealable order. NRAP 4(a)(1). An additional 3 days are added to the 30-day appeal period under NRAP 26(c) to allow for service of the notice of entry, unless the paper is delivered on the date of service.

Here, the district court's order awarding supplemental attorney fees qualifies as a special order after final judgment, and is therefore an appealable order. NRAP 3A(b)(8); *Winston Prods. Co. v. DeBoer*, 122 Nev. 517, 525, 134 P.3d 726, 731 (2006). As service of the order's notice of entry was by mail, appellants had only 33 days from August 14, 2012, to file their notice of appeal, unless the appeal period was tolled. NRAP 4(a)(1), 26(c). Generally, the time for filing a notice of appeal may be tolled if one of several different enumerated motions is

filed, including a motion to alter or amend the judgment under NRCP 59. NRAP 4(a)(4). But because NRCP 59 provides for a motion to alter or amend the *judgment*, it is unclear whether the motion was properly applied to a post-judgment order. *See, e.g., Ex parte Troutman Sanders, LLP*, 866 So. 2d 547, 550 (Ala. 2003) (stating that a motion to alter or amend "may be made only in reference to a final judgment or order" (internal quotation omitted)). Thus, the question in this appeal is whether the rule allows only for motions directed at final judgments, or whether a party can move to alter or amend other orders entered by the district court as well.[1]

In resolving this issue, we turn to the definition of judgment as outlined in NRCP 54(a), which states that "'[j]udgment' as used in these rules includes . . . any order from which an appeal lies." *See also Lee v. GNLV Corp.*, 116 Nev. 424, 426-27, 996 P.2d 416, 417 (2000) (recognizing that this definition pertains to the Nevada Rules of Civil Procedure). As this definition specifically states that it applies whenever the term "judgment" is used in the Nevada Rules of Civil Procedure, we must apply this definition when construing the language of NRCP 59(e) allowing for a "motion to alter or amend the judgment." Applying the definition that judgment includes any appealable order, a motion to alter or amend is

---

[1]In *Winston Products Co.*, 122 Nev. at 525-26, 134 P.3d at 731-32, this court held that a tolling motion directed at a final judgment could also serve to toll the time to appeal from a special order after final judgment. Our holding in *Winston Products* does not resolve the jurisdictional issue raised here, however, as the tolling motion in the present case was not directed at a final judgment, but instead was directed solely at the special order after final judgment.

permitted as to any appealable order, not just final judgments. And, as a result, a motion to alter or amend any appealable order will generally toll the time to appeal from that order.

The Tenth Circuit Court of Appeals reached this same conclusion when it addressed the issue under the federal rules of civil and appellate procedure, which are similar to Nevada's rules in this regard. *Autorama Corp. v. Stewart*, 802 F.2d 1284, 1286-87 (10th Cir. 1986); *see also Moseley v. Eighth Judicial Dist. Court*, 124 Nev. 654, 662-63, 188 P.3d 1136, 1142 (2008) (recognizing that this court may look to the interpretation of similar federal rules when construing a Nevada Rule of Civil Procedure). In *Autorama Corp.*, the court faced the same circumstances that exist in the present case, as the appellants there had filed a motion equivalent to a motion to alter or amend directed at a post-judgment order denying attorney fees. 802 F.2d at 1286. The *Autorama Corp.* court held that the tolling provision under the federal counterpart to NRAP 4(a)(4) applied to the motion to alter or amend, even though it was directed at a post-judgment order, and therefore the time for filing the notice of appeal was tolled until after the lower court resolved the motion. *Id.* at 1286-87; *see also Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 6-8 (1st Cir. 2005) (addressing the federal rules analogous to NRCP 54(a) and NRAP 4(a)(4) in the context of a party filing a motion to alter or amend directed at an independently appealable interlocutory order); *Lichtenberg v. Besicorp Grp. Inc.*, 204 F.3d 397, 400 (2d Cir. 2000) (same). In *Marie* and *Lichtenberg*, the courts applied the definition of "judgment" provided in the federal counterpart to NRCP 54(a), which recognizes that "judgment" includes any appealable order, to determine that a motion to alter or amend could be directed at an appealable interlocutory order and

that, as a result, the period for filing a notice of appeal provided under the federal counterpart to NRAP 4(a)(4) applied to toll the appeal period, even though the motion to alter or amend was not directed at a final judgment. *Marie*, 402 F.3d at 6-8; *Lichtenberg*, 204 F.3d at 400.

Accordingly, we conclude that NRAP 4(a)(4) tolling applies to appellants' NRCP 59(e) motion to alter or amend that was directed at the post-judgment order awarding supplemental attorney fees. The supplemental attorney fees order is independently appealable as a special order after final judgment, and thus, falls under the definition of judgment provided in NRCP 54(a). As a result, the notice of appeal was timely filed, and these appeals may proceed. We reinstate the briefing schedule as follows. As appellants' opening brief was due at the time we issued our order to show cause and appellants had already received extensions of time to file the opening brief, appellants must file and serve their opening brief and appendix within 30 days of the date of this opinion. No more extensions of time will be granted. Thereafter, briefing shall proceed in accordance with NRAP 31(a)(1).

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A