**J. David BABICH, Plaintiff,**

v.

**UNISYS CORPORATION, Defendant.**

**Civ. A. No. 92–1473–MLB.**

United States District Court,
D. Kansas.

April 8, 1994.

Patricia M. Dengler, Brown, Dengler, Good & Rider, L.C., Wichita, KS, for J. David Babich.

Phillip R. Fields, Wichita, KS, Stephen X. Munger, Lisa A. Schreter, Jackson, Lewis, Schnitzler & Krupman, Atlanta, GA, William M. Rossi, Jackson, Lewis, Schnitzler & Kraupman, Orlando, FL, for Unisys Corp.

### MEMORANDUM AND ORDER

BELOT, District Judge.

This case comes before the court on defendant Unisys Corporation's motion for reconsideration, (Doc. 101), of the court's Memorandum and Order filed January 19, 1994 (Doc. 93) denying Unisys's motions to dismiss and for summary judgement. 842 F.Supp. 1343.

■ The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence. *Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan.1990); *Taliaferro v. City of Kansas City,* 128 F.R.D. 675, 677 (D.Kan.1989). "[R]evisiting the issues already addressed 'is not the purpose of a motion to reconsider,' and 'advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the

**456**

original summary judgment motion was briefed' is likewise inappropriate." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991).

In this case, Unisys asserts that the court should reconsider its January 19 Memorandum and Order because it has misapprehended certain facts concerning plaintiff's claim under ERISA § 510, 29 U.S.C. § 1140.

■ According to Unisys, the court's January 19 Memorandum and Order manifests a misunderstanding of whether plaintiff, upon termination, maintained his right to take early retirement. Unisys contends:

"In his complaint and during his deposition, Babich claimed that he was selected for layoff to prevent him from obtaining retirement medical benefits and accruing additional pension credits in violation of ERISA. *See* Babich Dep., p. 263 and Complaint, Count IV. The Court denied Defendant's Motion on both aspects of Plaintiff's ERISA claim. Defendant respectfully submits that the Court's decision regarding Plaintiff's pension benefits is premised on the mistaken impression that Plaintiff was deprived of the option to take early retirement because he was laid off before attaining age fifty-five (55). In fact, Plaintiff was *vested* in his early retirement and pension benefits when he was laid off. Consequently, his layoff did *not* in any way limit, much less terminate, his ability to take early retirement. Indeed, he can still opt for early retirement at age fifty-five (55)."

(Doc. 101, pp. 1–2).

In response, plaintiff asserts that the court's decision was not premised on a "mistaken impression that plaintiff was deprived of the option to take early retirement," but correctly based on a finding that, because he was discharged prior to reaching early retirement age, plaintiff was prevented from (1) receiving retirement medical benefits and (2) accruing *additional* pension benefits. (Doc. 117, pp. 1–2).

In deciding Unisys's motion, the court understood that plaintiff's termination did not affect his right to receive early retirement benefits upon reaching age *55*. The court

also understood that, at the time he was discharged, plaintiff was only *52* years old. Thus, at the time he was discharged: (1) plaintiff was not yet able to take early retirement; (2) plaintiff could not accrue *additional* pension benefits; and (3) plaintiff was ineligible to receive retirement medical benefits under Unisys's plan. However, it does not appear that the court had all the facts pertaining to plaintiff's eligibility to receive medical benefits. According to Unisys, its Retirement Medical Benefit Plan is a *welfare* benefit plan which, under ERISA, can be modified or even terminated at the will of the company. Furthermore, Unisys claims that its Retiree Medical Benefits Plan contains a disclaimer which recently has been held to afford Unisys the unilateral right to modify or eliminate retirement medical benefits. *See In re Unisys Corp. Retiree Medical Benefits ERISA Litig.*, 837 F.Supp. 670 (E.D.Pa. 1993). Hence, Unisys argues, even if he had remained employed, plaintiff never could have become "vested in" or "entitled to" retirement medical benefits.

In response, plaintiff contends that the decision *In re Unisys* is not final and "may not even involve plaintiff" because he was terminated, not retired. (Doc. 117, p. 4). However, plaintiff does not dispute that the Unisys plan described in the booklet attached to Unisys's motion for reconsideration is applicable to his situation, nor does he claim that the pertinent language of the plan is ambiguous.

In the pretrial order, plaintiff specifically contended that "[h]e was [nineteen] months shy of *vesting* in retirement medical benefits." (emphasis added). The court understood the evidence in this case to be that if plaintiff had been discharged after reaching age 54—approximately 19 months after he was actually terminated—plaintiff would have been eligible to receive fixed, irrevocable retirement medical benefits for the remainder of his life. Thus, the court concluded that because he was discharged at age 52, plaintiff was rendered *ineligible* for such medical benefits. Now, having reviewed the disclaimer in Unisys's plan and the opinion in *In re Unisys Corp. Retiree Medical Benefits ERISA Litig.*, 837 F.Supp. 670 (E.D.Pa.

1993), neither of which was previously presented to this court, the court believes its understanding was incorrect.[1] It is undisputed that Unisys can legally change or even cancel retirement medical benefits at any time pursuant to its Retiree Medical Benefits Plan. Indeed, in 1994, Unisys did just that, requiring retirees to pay one-third of the cost of the group premium for retirement medical benefits. (Doc. 101, p. 6, n. 4).

Given Unisys's ability to simply cancel retirement medical benefits at will, the court perceives little probative value, with respect to ERISA § 510, in plaintiff's evidence that had he been discharged nineteen months later (i.e., at age 54), he would have been eligible to receive such benefits. Hence, the only allegation remaining to support plaintiff's ERISA § 510 claim is that he was prevented from accruing *additional* pension benefits.

As the court stated in its January 19 Memorandum and Order, "[i]t is well settled that '§ 510 [of ERISA] extends to claims by vested employees for intentional interference with their ability to *accrue additional benefits.*'" (Doc. 93, p. 14, n. 18 (quoting *Conkwright v. Westinghouse Elec. Corp.*, 933 F.2d 231, 238 (4th Cir.1991)). Unisys argues, based on *Dodson v. New York Life Ins. Co.*, 1991 W.L. 180090 (10th Cir. Sept. 10, 1991) and *Daryl Card v. Hercules, Inc. and John Does I–X*, 1993 W.L. 351337 (10th Cir. Aug. 19, 1993),[2] that "a mere diminishment in pension benefits alone is insufficient, as a matter of law, to establish a § 510 ERISA violation." (Doc. 101, p. 2).

*Dodson* and *Daryl Card*, like the present case, involve ADEA and ERISA § 510 claims made by a plaintiff who was discharged near retirement age in a reduction-in-force layoff. In *Dodson*, the Tenth Circuit held that the

plaintiff had "submitted nothing more than speculative evidence to show that NYL [New York Life] intended to interfere with his pension rights." 1991 W.L. 180090, at **2. Plaintiff had contended "that NYL needed to save 20% overall in costs, that NYL saved pension costs by terminating him, and that he was better qualified than younger persons NYL did not terminate." *Id.* The Tenth Circuit stated:

> The fact is that Mr. Dodson is receiving a pension, although it may be lower than he might have received had he retired some time in the future. There is no specific evidence showing that NYL discharged Mr. Dodson with the intent to interfere with his pension rights under ERISA.

*Id.*

In *Daryl Card*, the Tenth Circuit similarly found that the plaintiff "offered little more than speculation in an attempt to establish that Hercules intended to interfere with his pension benefits":

> It would appear that plaintiff is receiving a pension, albeit less than he might have received had he retired some time in the future. Contrary to plaintiff's assertion, the fact that he would have received a more generous pension if he had worked longer does not establish an intent on the part of Hercules to interfere with his pension benefits.

1993 W.L. 351337, at **3.

■■■ The court agrees with Unisys that *speculative* evidence of a diminishment in pension benefits *alone* is insufficient to establish an ERISA violation. However, the court believes the present case can be distinguished from *Dodson* and *Daryl Card*. In his response to Unisys's motion to reconsider, plaintiff alleges that he lost $212,256.00 in additional pension benefits as a result of his

---

1. Plaintiff contends that the court should not consider the issue of whether plaintiff was "entitled to" or "vested in" retirement medical benefits because it was not previously raised by Unisys. (Doc. 117, pp. 3–5). However, as Unisys notes, prior to the court's ruling on the motion for summary judgment, Unisys did not know of the court's misapprehension with respect to that issue. In fact, plaintiff's counsel is largely responsible for the court's misunderstanding, given the statement in the pretrial order.

2. Effective January 1, 1994, the Tenth Circuit has suspended 10th Cir.R. 36.3 regarding unpublished dispositions and instead decreed that "if it is believed that an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, that decision may be cited, *provided* that a copy of the decision is attached to the brief or other document in which it is cited." General Order of Tenth Circuit, filed November 29, 1993. Unisys has appropriately attached copies of the *Dodson* and *Hercules* opinions to its motion for reconsideration.

early discharge.[3] (Doc. 117, p. 5). That is a significant sum and, if substantiated, is certainly circumstantial evidence in support of plaintiff's ERISA § 510 claim. In *Dodson* and *Daryl Card,* the plaintiffs apparently failed to allege a *specific* amount of lost benefits. *Dodson,* 1991 W.L. 180090, at **2; *Daryl Card,* 1993 W.L. 351337, at **3 (both holding that plaintiff's evidence must be "specific").

In *Dister v. Continental Group, Inc.,* 859 F.2d 1108, 1115 (2d Cir.1988) (discussed in the court's January 1 Memorandum and Order), the Second Circuit found an ERISA § 510 plaintiff presented a prima facie case because (1) he had the opportunity to attain rights in a covered ERISA-based benefit plan, (2) there was abundant evidence that he was qualified for his position, and (3) he was discharged suspiciously close to the time at which he would acquire pension rights resulting in "substantial cost savings" ($550,000) to his employer. In the present case, plaintiff has similarly shown that (1) he had the opportunity to attain the right to *additional* pension benefits under an ERISA-based plan, (2) there is abundant evidence that he was qualified for his position, and (3) his discharge apparently resulted in "substantial cost savings" to Unisys.

The court remains highly skeptical of plaintiff's ERISA § 510 claim. Nevertheless, the court finds plaintiff has presented sufficient evidence to entitle him to a trial on his ERISA claim as well as his ADEA claim.

**IT IS ACCORDINGLY ORDERED** that Unisys's motion for reconsideration is hereby denied.

---

**3.** It is unclear to the court whether this $212,256.00 includes the loss of retirement medical benefits. The bases for the $212,256.00 calculation are also unclear. In any event, the court believes it best to give plaintiff the opportunity to present evidence concerning the amount of pension benefits he would have accrued but for his discharge. Should that evidence be insufficient to support a finding in plaintiff's favor, the court can dispose of plaintiff's ERISA claim under Federal Rule of Civil Procedure 50.

Counsel bicker about whether the $212,256.00 should have been alleged while the summary judgment motion was still pending. Plaintiff's counsel claim they were "unable to reach any final calculation due to defendant's lack of timely production of the information." (Doc. 117, p. 5). Unisys, however, contends that "the actual information on which Plaintiff based his lost pension benefit calculation was provided to Plaintiff prior to the filing of the motion for summary judgment." (Doc. 120, p. 7). The court sees no need to resolve this quarrel.