John R. HARRIS and his wife, Virginia L. Harris, Charles W. Harris and his wife, Jane C. Harris, and Trail N. Sail, Inc., Plaintiffs,

v.

CITY OF WICHITA, SEDGWICK COUNTY, KANSAS, and Board of County Commissioners of Sedgwick County, Kansas, Defendants.

Civ. A. No. 93–1357–FGT.

United States District Court, D. Kansas.

June 23, 1994.

Memorandum Denying Reconsideration Sept. 22, 1994.

Charles W. Harris, Curfman, Harris, Rose, Weltz, Metzger & Smith, Ronald D. Innes, Toomey, Russell, Gregory and Pilgreen, Wichita, KS, for plaintiffs.

Robert W. Coykendall, Joseph W. Kennedy, Morris, Laing, Evans, Brock & Kennedy, Wichita, KS, for City of Wichita, Sedgwick, County.

Philip L. Bowman, Michael T. Metcalf, Adams, Jones, Robinson & Malone, Wichita, KS, for Board of Sedgwick County Com'rs.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This is an action brought by the owners of an 80 acre tract of land located in Sedgwick County, Kansas. Part of the land lies within the city limits of Wichita, Kansas. Most of plaintiffs' land lies within areas designated by the City and the County as an Airport Overlay Districts ("AODs"). The City and County have placed usage restrictions on land located within the AODs. Plaintiffs brought this action alleging that these restrictions constitute a taking of their property without just compensation. Plaintiffs seek damages, permanent injunction, and declaratory judgment.

The matter is before the court on defendants' motions to dismiss and/or for summary judgment. (Doc's 11 and 13). Defendants argue that the plaintiffs' claim for damages for taking without just compensation is unripe. Defendants further argue that they are entitled to summary judgment because, as a matter of law, no taking occurred. The court held a hearing on the motions on May 27, 1994, and is now prepared to rule.

## I. Facts

In 1987, the United States Air Force issued a study entitled *Air Installation Compatible Use Zone* study ("AICUZ") for McConnell Air Force Base, which is located in Sedgwick County, Kansas. The AICUZ concluded that most aircraft accidents occur on or over land lying immediately in the take-off and approach paths of Air Force runways. The AICUZ further concluded that the risk of accidents on a given tract of land decreases as distance from the runway increases. In addition to accident risk, the AICUZ examined noise levels on land surrounding Air Force bases.

Based on this study, the Wichita–Sedgwick County Metropolitan Area Planning Department recommended establishing Airport Overlay Districts (AODs) to the north and south of McConnell Air Force Base. The recommended AODs would consist of land in the direct path of the runway and allowed a 3800 foot width. Airport Overlay District II–North ("AOD II–N") would begin 3750 feet from the north end of the McConnell runway and would extend 4250 feet to the northeast. Airport Overlay District III–North ("AOD III–N") would extend 6000 feet from the end of AOD II–N.

The City and County conducted public hearings and decided, in the interest of public safety, to prohibit certain uses of the land within the AODs. The plaintiffs own an 80 acre tract of land which lies mostly in AOD II–N and AOD III–N. In those areas, the following uses are prohibited:

(1) residential uses with less than 5 acres of lot area per dwelling unit for AOD II–N; residential uses with less than one acre per dwelling for III–N;[1]

(2) transient lodging, hotels, motels, recreational vehicle parks;

(3) restaurants, drinking establishments, taverns, private clubs;

(4) retail food stores with gross floor area exceeding 3000 square feet.

(5) hospitals, sanitariums, nursing homes;

(6) day care centers (adult and child) and halfway houses and group homes;

(7) public and private schools (all levels), libraries, museums;

(8) churches and related facilities;

(9) correctional facilities;

(10) all indoor/outdoor entertainment and/or recreation facilities that would at-

---

1. The one acre (43,560 square foot) minimum was imposed by the City ordinance. The County resolution prohibits residential uses with less than 40,000 square feet per dwelling for AOD III–N.

tract more than 25 spectators and/or participants per acre at any one time. These restrictions apply on top of any other existing zoning regulations. Plaintiffs property is zoned commercial.

The County adopted its resolution on July 24, 1991, and the City adopted its nearly identical ordinance on September 10, 1991. The resolution and ordinance permitted landowners to continue pre-existing uses. The Board of Zoning Appeals was authorized to hear and decide appeals and requests for variances.

The uses to which plaintiffs currently put their property are acceptable under the AOD regulations. However, plaintiffs allege that they had planned to put their land to heavy commercial use. Plaintiffs do not present, and have not presented to the relevant government bodies, any particular plan for use of the property.

The plaintiffs have submitted evidence that the AICUZ does not properly assess the risk of aircraft accidents in areas surrounding Air Force bases. The data on which the AICUZ was based was collected between 1968 and 1973. According to plaintiffs' expert witnesses, flight safety has improved so dramatically since 1973 that the information contained in the AICUZ is obsolete. Furthermore, the plaintiffs present the affidavit of Edward W. Salguero, a licensed professional engineer, who asserts that the probability of aircraft accidents occurring in the AODs is so remote as to have no practical significance. Salguero contends that the risk posed by air traffic out of McConnell is no greater than that posed by air traffic from other airports in the Wichita vicinity. Another expert plaintiff consulted concluded that on any particular acre of land which is more than 1000 feet from the runway center line, the risk of an airplane crash is less than one in 19,547 years in AOD II and less than one in 43,268 years in AOD III. Plaintiffs also presented evidence that proximity to an airport does not affect insurance coverage or premiums.

For purposes of these motions, defendants do not dispute these figures. However, the parties also agree that currently on average one airplane crash occurs on an AOD near one of the 160 Air Force bases in the country. It is also undisputed that the average airplane crash affects 5.06 acres of land.

## II. Plaintiffs' "As Applied" Challenges to AODs

■ The City and County seek dismissal of plaintiffs' claims that the AOD restrictions, as applied to their property, constitute a taking without just compensation, violate substantive due process, and deny plaintiffs equal protection. Defendants argue that these claims are not ripe for adjudication. The court agrees and, accordingly, will dismiss these claims without prejudice.

In *Agins v. City of Tiburon,* 447 U.S. 255, 260, 100 S.Ct. 2138, 2141, 65 L.Ed.2d 106 (1980), the Supreme Court held that a challenge to the application of a zoning ordinance was not ripe because the landowner had not submitted a plan for development of the property. In *Williamson County Regional Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), the Supreme Court again considered the issue of ripeness of a claim under the Just Compensation Clause or under substantive due process. The Court held that an as applied challenge under either constitutional provision is not ripe until the government has made a final decision. *Id.* at 185, 105 S.Ct. at 3116. A claim of taking or substantive due process violation, then, is not ripe where the landowner has not sought a variance from the restrictions. *Id.* at 187, 105 S.Ct. at 3117. As to a Just Compensation Clause claim, the court held that "[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Id.* at 195, 105 S.Ct. at 3121. The Kansas courts recognize a claim for compensation for a regulatory taking. *See Mid Gulf, Inc. v. Bishop,* 792 F.Supp. 1205, 1212–13 (D.Kan.1992).

■ The Tenth Circuit Court of Appeals has held that the ripeness requirements announced in *Williamson* apply to claims of substantive due process violation and denial of equal protection as well as claims brought under the Just Compensation Clause. *Land-*

*mark Land Co. of Oklahoma, Inc. v. Buchanan,* 874 F.2d 717, 722 (10th Cir.1989). A government imposed restriction violates substantive due process if it is arbitrary and not rationally related to a legitimate police power purpose. *Id.* A final determination is necessary to determine whether the decision is arbitrary. *Id.* Likewise, the court cannot assess a claim under the Equal Protection Clause, which prohibits the government's treating similarly situated people differently without a rational basis, until the government has taken a final action. *Id.*

In this case, plaintiffs have not sought a variance from the AOD restrictions and have not brought an action for inverse condemnation. In fact, the plaintiffs have not even met the *Agins* threshold requirement of submitting a development plan for approval. Plaintiffs merely assert that they had planned to use the land for commercial development. This is insufficient to meet the ripeness requirements.

Plaintiffs concede that they have not taken the steps the Supreme Court required in *Williamson.* However, they assert that *Williamson* does not apply in this case because plaintiffs challenge the reasonableness of the AOD restrictions. The Supreme Court in *Williamson* did not make this distinction and, in fact, held that the same ripeness requirements apply to substantive due process challenges. *Williamson,* 473 U.S. at 185, 105 S.Ct. at 3116.

Plaintiffs next argue that the ripeness requirements do not apply in this case because the AOD system constitutes a physical invasion of their property. The Supreme Court has held that a permanent physical occupation of private property constitutes a taking *per se* for which the government must provide just compensation. *Loretto v. Teleprompter Manhattan CATV Corp.,* 458 U.S. 419, 102 S.Ct. 3164, 73 L.Ed.2d 868 (1982). The Supreme Court has further held that a local government's requiring an easement across private property constitutes a permanent physical occupation. *Nollan v. California Coastal Comm'n,* 483 U.S. 825, 832, 107 S.Ct. 3141, 3146, 97 L.Ed.2d 677 (1987).

Plaintiffs argue that the AOD restrictions actually create an easement over their prop-erty for military aircraft to use and an easement on their land for safer airplane crashes. The court disagrees. Although military and other aircraft fly over plaintiffs' property in approach and take-off, it is not the AOD regulations that permit this. Furthermore, the AOD restrictions do not permit airplane crashes on plaintiffs' property. Rather, they restrict land uses so that in the event of such a crash, the impact is felt by as few people as possible. At any rate, it is not clear that the ripeness requirements do not apply in cases of takings *per se.*

### III. Plaintiffs' Facial Challenge to AODs

■ Defendants concede that plaintiffs' claim for declaratory judgment that the AOD restrictions are facially invalid is ripe. *Yee v. City of Escondido,* — U.S. —, —, 112 S.Ct. 1522, 1532, 118 L.Ed.2d 153 (1992). However, defendants seek summary judgment as to that claim on the ground that there was no taking of plaintiffs' property or substantive due process violation as a matter of law.

The court is familiar with the standards governing the consideration of a motion for summary judgment. The Federal Rules of Civil Procedure provide that summary judgment is appropriate when the documentary evidence filed with the motion "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A principal purpose "of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The court's inquiry is to determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). As noted above, the parties agree on all the relevant facts for purposes of this motion.

Plaintiffs assert that regardless of how the AOD restrictions are applied, they represent an improper exercise of the City's and County's police power. The plaintiffs do not dispute that the City and County have a legitimate interest under their police powers to regulate in the interest of public safety and general welfare. Plaintiffs argue, however, that the restrictions placed on the land under the take-off and approach paths to McConnell's runway are not rationally related to those purposes. Plaintiffs argue that the risk of an airplane crash occurring in an AOD is so small that it does not warrant any usage restrictions beyond the zoning regulations.

Defendants argue that although the risk of an airplane crash occurring on a particular tract of land in AOD II or AOD III is quite small, the risk is higher for that land than for other areas. There is no dispute that during the average year, one airplane crash occurs in an AOD adjacent to one of the 160 Air Force bases in the country. Defendants argue that the regulations are narrowly drawn. They prohibit only those uses of land which would cause large numbers of people to congregate. The City and County have an interest in seeing that in the event of an aircraft accident, as few people as possible are killed or injured.

■ In reviewing regulations of land use, the controlling question is whether the decision was arbitrary and capricious. *Jacobs, Visconsi & Jacobs Co. v. City of Lawrence, Kansas*, 927 F.2d 1111, 1119 (10th Cir.1991) (citations omitted). Local governments have wide latitude in exercising their police powers. *See Allright Colorado, Inc. v. City and County of Denver*, 937 F.2d 1502, 1511 (10th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 587, 116 L.Ed.2d 612 (1991) (dealing with regulation of shuttle busses to airport). The court need not be satisfied that the regulations will achieve their stated purpose. *Id.* at 1512. Rather, it is sufficient that the City and County could rationally conclude that its intended purpose would be achieved. *Id.*

In this case, even accepting plaintiffs' statistics as true, the court concludes that as a matter of law the AOD schemes enacted by the City and County are reasonable, and not arbitrary and capricious. The City and County could have reasonably believed, based on the AICUZ, that there was a greater danger of airplane crashes occurring in the AODs than in other areas. Furthermore, prohibiting land uses which would congregate large numbers of people is a measure reasonably calculated to minimize the impact of an airplane crash if it should occur. Although plaintiffs argue that public safety would have been as well protected if the AOD boundaries had been narrower, the decision of where to draw these boundaries was one for the City and County, not one for the court. The City and County reasonably based its decisions in this regard on the Air Force's findings and recommendations. The court concludes, therefore, that the AOD land use restrictions are not facially invalid.

Plaintiffs again argue that the regulations at issue effect a taking *per se* because they permit a physical invasion onto private property in the AODs. For the reasons set forth above, the court again rejects plaintiffs' argument.

## IV. Defendant Sedgwick County

Plaintiffs named Sedgwick County, as well as the Board of County Commissioners, as a defendant to this action. Kansas law provides that an action against a county shall be brought against the Board of County Commissioners of the relevant county. K.S.A. § 19–105. Accordingly, Sedgwick County is not a proper defendant, and plaintiffs' claims against it shall be dismissed.

**IT IS BY THIS COURT THEREFORE ORDERED** that defendant City of Wichita's motion to dismiss or, in the alternative, for summary judgment (Doc. 13) is hereby granted.

**IT IS FURTHER ORDERED** that the motion filed by defendant Board of County Commissioners of Sedgwick County, Kansas, to dismiss or, in the alternative, for summary judgment (Doc. 11) is hereby granted.

**IT IS FURTHER ORDERED** that plaintiffs' claims against defendant Sedgwick County are hereby dismissed.

The Clerk shall enter judgment in favor of defendants City of Wichita, Sedgwick County, and Board of County Commissioners of Sedgwick County, Kansas. Costs shall be assessed against the plaintiffs.

## MEMORANDUM AND ORDER ON RECONSIDERATION

The plaintiffs in this action are the owners of certain tracts of land located within an area designated by the defendants City of Wichita and Sedgwick County, Kansas, as an Airport Overlay District. The Defendants have placed usage restrictions on land within the Airport Overlay District. Plaintiffs brought this action contending the restrictions are unconstitutional. The court granted the defendants' motions for summary judgment. (Doc. 51). The matter is before the court on plaintiffs' motion to reconsider. (Doc. 53).

The court will briefly sketch the relevant facts and procedural history surrounding this case. The court's Memorandum and Order of June 23, 1994, contains a more complete discussion of the facts. In 1991, Sedgwick County and City of Wichita enacted land usage restrictions on land located at either end of the runway at McConnell Air Force Base. These restrictions were enacted at the recommendation of the United States Air Force and were based on a 1987 Air Force study of airplane crashes near Air Force bases. Plaintiffs own real property which is located in the restricted area.

The plaintiffs brought this action alleging that the usage restrictions, as applied to their property, constitute a taking without just compensation, violate substantive due process, and deny plaintiffs equal protection. Plaintiffs further alleged that the usage restrictions are facially invalid under the Fifth and Fourteenth Amendments because they represent an improper exercise of the City's and County's police power. On June 23, 1994, the court entered its order granting summary judgment to the defendants in this case. The court held that plaintiffs' as applied challenges to the restrictions were unripe and that plaintiffs had not established any genuine issues of material fact as to their facial challenge. Plaintiffs have moved for reconsideration of the court's ruling on the facial challenge.

 The refusal to grant relief in a motion to reconsider is reviewed under an abuse of discretion standard. *See Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988). A motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence. *Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan.1990); *Taliaferro v. City of Kansas City,* 128 F.R.D. 675, 677 (D.Kan.1989). Here, the plaintiffs argue that after this court granted summary judgment, the Supreme Court announced a new standard of law which should be applied in this case.

On June 24, 1994, the day after the court entered its Memorandum and Order granting summary judgment in this case, the Supreme Court handed down its decision in *Dolan v. City of Tigard,* —— U.S. ——, 114 S.Ct. 2309, 129 L.Ed.2d 304 (1994). *Dolan* concerned a challenge to the decision of City of Tigard, Oregon, to condition the grant of a redevelopment permit on the property owner's dedication of a portion of her land for improvement of a storm drainage system and for a pedestrian/bicycle pathway. *Id.* at ——, 114 S.Ct. at 2311. The Supreme Court held that although the City had established the necessary nexus between the condition it had imposed and its police powers, it had not established the required relationship between the conditions imposed and the impact of the property owner's proposed development. *Id.* at —— ——, 114 S.Ct. at 2317–22. The Court established a new test for such cases, which the Court termed "rough proportionality." *Id.* at ——, 114 S.Ct. at 2319. The Court held that "[n]o precise mathematical calculation is required, but the city must make some sort of individualized determination that the required dedication is related both in nature and extent to the impact of the proposed development." *Id.* at —— ——, 114 S.Ct. at 2319–20. The Court concluded that the burden of showing rough proportionality properly rested on the city

because it had made and adjudicative decision applicable to an individual parcel of land. *Id.* at —— n. 8, 114 S.Ct. at 2320 n. 8.

 The plaintiffs contend that the standard *Dolan* established applies in this case and that, therefore, the court must reconsider the instant case under the new standard. The court disagrees with plaintiffs' premise. The Supreme Court's decision in *Dolan* was based on the facts of that case, namely that the City had required a dedication of property as a condition for granting a redevelopment permit. The Court specifically distinguished *Dolan* from its earlier land use regulation cases, including *Euclid v. Ambler Realty Co.,* 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926), and *Agins v. Tiburon,* 447 U.S. 255, 260, 100 S.Ct. 2138, 2141, 65 L.Ed.2d 106 (1980) on two grounds:

> "First, they involved essentially legislative determinations classifying entire areas of the city, whereas here the city made an adjudicative decision to condition petitioner's application for a building permit on an individual parcel. Second, the conditions imposed were not simply a limitation on the use petitioner might make of her own parcel, but a requirement that she deed portions of the property to the city."

*Dolan,* —— U.S. at ——, 114 S.Ct. at 2316. The court noted that "in evaluating most generally applicable zoning regulations, the burden properly rests on the party challenging the regulation to prove that it constitutes an arbitrary regulation of property rights." *Id.* at —— n. 8, 114 S.Ct. at 2320 n. 8 (citing *Euclid,* 272 U.S. 365, 47 S.Ct. 114).

In this case, the City and County regulations are land use restrictions and do not impose upon plaintiffs the obligation to deed portions of their land to the local governments or any other affirmative obligations. Furthermore, the City's and County's decisions were legislative rather than adjudicative in nature. The City and County classified entire areas of land surrounding McConnell Air Force Base, not merely the individual parcels owned by plaintiffs. Therefore, *Dolan*'s rough proportionality test does not apply to this case. The court properly assessed this case under the standards applicable to zoning regulations. The court need not reconsider its earlier decision.

**IT IS BY THIS COURT THEREFORE ORDERED** that plaintiffs' motion to reconsider (Doc. 53) is hereby denied.

**IT IS FURTHER ORDERED** that defendant Sedgwick County's motion to stay and for extension of time (Doc. 61) and defendant City of Wichita's motion to stay and for extension of time (Doc. 62) are hereby denied as moot.