Justice Thomas,
with whom Justice O’Connor joins,
dissenting.
Motivated by a desire to improve the attractiveness of its downtown region, the Atlanta City Council passed an ordinance requiring certain existing surface parking lots to include landscaped areas equal to at least 10% of the paved area and to have at least one tree for every eight parking spaces. The ordinance covers some 350 parking lots; petitioners estimate that compliance with the landscaping requirements will cost approximately $12,500 per lot, for a total of $4,375,000. Additionally, parking lot owners will lose revenue due to lost parking spaces and lost advertising dollars: The trees allegedly will obscure existing advertising signs and cause petitioners to lose contracts worth about $1,636,000.
Petitioners sought injunctive and declaratory relief on the ground that the Atlanta ordinance was an uncompensated taking of property in violation of the Fifth Amendment. The state trial *1117 court ruled in favor of the city. In a divided opinion, the Supreme Court of Georgia affirmed. 264 Ga. 764, 450 S. E. 2d 200 (1994). The court held that the ordinance was neither a physical nor a regulatory taking. The court relied on Agins v. City of Tiburon, 447 U. S. 255 (1980), to conclude that the ordinance was constitutional because it “advances legitimate governmental interests and leaves the plaintiffs with an economically viable use in their property.” 264 Ga., at 766, n. 3, 450 S. E. 2d, at 203, n. 3. The court distinguished Dolan v. City of Tigard, 512 U. S. 374 (1994), which requires a showing of rough proportionality between the conditions imposed and the impact of the owner’s development, on the ground that although the city of Tigard had not made an ‘“individualized determination that the required dedication is related both in nature and extent to the impact of the development,’ ” 264 Ga., at 766, n. 3, 450 S. E. 2d, at 203, n. 3 (quoting Dolan, supra, at 391), the city of Atlanta had made a “legislative determination” with regard to many landowners, 264 Ga., at 766, n. 3, 450 S. E. 2d, at 203, n. 3, thus placing this case outside the reach of Dolan.
The lower courts are in conflict over whether Dolan’s test for property regulation should be applied in eases where the alleged taking occurs through an Act of the legislature. In addition to the court below, at least one other court has relied upon the “legislative” character of state action to conclude that Dolan was inapposite and that the less stringent Agins standard should be applied. See Harris v. Wichita, 862 F. Supp. 287, 294 (D. Kan.1994). Other courts, however, have applied Dolan to cases involving alleged legislative regulatory takings. In Trimen Development Co. v. King Cty., 124 Wash. 2d 261, 877 P. 2d 187 (1994), the Washington Supreme Court applied Dolan to an ordinance similar to the one at issue here. A King County Council ordinance required that developers seeking to build housing either dedicate land for public parks or pay a fee. Despite the fact that the ordinance was clearly a “legislative enactment,” the court applied Dolan’s rough proportionality test. 124 Wash. 2d, at 274, 877 P. 2d, at 194. See also Manocherian v. Lennox Hill Hospital, 84 N. Y. 2d 385, 393, 643 N. E. 2d 479, 483 (1994), cert. denied, 514 U. S. 1109 (1995) (applying Dolan to alleged legislative taking).
It is hardly surprising that some courts have applied DolapJs rough proportionality test even when considering a legislative enactment. It is not clear why the existence of a taking should *1118 turn on the type of governmental entity responsible for the taking. A city council can take property just as well as a planning commission can. Moreover, the general applicability of the ordinance should not be relevant in a takings analysis. If Atlanta had seized several hundred homes in order to build a freeway, there would be no doubt that Atlanta had taken property. The distinction between sweeping legislative takings and particularized administrative takings appears to be a distinction without a constitutional difference.
Although Dolan purports to be an exception to Agins, the logic of these two cases appears to point in different directions. The lower courts should not have to struggle to make sense of this tension in our case law. In the past, the confused nature of some of our takings case law and the fact-specific nature of takings claims has led us to grant certiorari in takings cases without the existence of a conflict. See Dolan, supra, at 383 (observing that certiorari was granted because the Oregon Supreme Court allegedly had misapplied Nollan v. California Coastal Comm’n, 483 U. S. 825 (1987)). Where, as here, there is a conflict, the reasons for granting certiorari are all the more compelling.
Because the petition poses a substantial federal question concerning regulatory takings and because there is confusion in the lower courts, I would grant certiorari.